IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY A. BROCK, )
)
          Plaintiff, )
)
vs. ) Case No. 10-cv-0270-MJR-DGW
)
BEELMAN TRUCK CO., )
)
          Defendant. )

## MEMORANDUM AND ORDER

Reagan, District Judge:

On April 12, 2010, Terry Brock filed a pro se action in this United States District Court, alleging employment discrimination by his former employer, Beelman Truck Co. Brock used an appropriate form complaint for employment discrimination suits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. That complaint alleges that while employed as a diesel mechanic at Beelman, Brock was treated differently than his "coworkers that are white" and that Beelman unfairly terminated Brock's employment in November 2008.

With his pro se complaint, Brock filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel (Docs. 2, 3). By granting a motion for pauper status, a federal district court authorizes a lawsuit to proceed without *prepayment* of fees. **See 28 U.S.C. 1915(a)(1)("any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees....").** Additionally, § 1915(e)(1) authorizes a federal court to "request an attorney to represent any person unable to afford counsel."

Before the court can grant pauper status or appoint counsel, however, it must carefully screen the complaint filed by the pro se plaintiff. Indeed, § 1915(e)(2) *requires* federal courts to dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief.

In the case at bar, Brock's allegation of poverty appears well-supported. He is unemployed, has not worked since November 2008, has very limited resources, has two dependents (sons), and has substantial financial obligations (child support, medical bills, etc.). Nothing indicates that his action is frivolous or malicious. The named defendant (a trucking company) is not immune from relief. And at this point, the Court cannot conclude that Brock's action fails to state a claim upon which relief could be granted.

The complaint alleges that Brock took the necessary steps before filing this suit, i.e., filed a charge with the Equal Employment Opportunity Commission (EEOC) on November 14, 2008, obtained a right-to-sue-letter from the EEOC on January 26, 2010 (incorrectly referenced in the complaint as having been dated January 26, 2014), and filed suit within 90 days of receiving the right-to-sue notice (complaint filed on April 12, 2010).

Accordingly, the Court **GRANTS** Brock's motion for pauper status (Doc. 2). Because Brock proceeds without the benefit of counsel, the Court **DIRECTS** the Clerk's Office to prepare and issue summons for Defendant and **DIRECTS** the United States Marshals Service to serve Defendant. If a USM-285 form is needed for service, the Clerk's Office also shall prepare the USM-285.

The Court also **GRANTS** Brock's Motion for Service at Government Expense under Federal Rule of Civil Procedure 4(c)(3) (Doc. 6).

The Court **DENIES AT THIS TIME** Brock's motion for appointment of counsel (Doc. 3). Certain factors inform the decision on whether to appoint a lawyer for an indigent litigant in a civil case. Those factors include the merits of the plaintiff's claims, the plaintiff's ability to investigate the facts of the case without the aid of counsel, and the complexity of the legal issues presented by the case. *See Pruitt v. Mote,* **503 F.3d 647, 649 (2007);** *Jackson v. Kotter*, **541 F.3d 688, 700 (7th Cir. 2008).**

Before assessing these factors, however, the Court must ascertain "if the indigent has made reasonable efforts to retain counsel and was unsuccessful" or was effectively precluded from making any such efforts. *Pruitt*, **503 F.3d at 654;** *Gil v. Reed*, **381 F.3d 649, 658 (7th Cir. 2004)**. Brock's motion and the record before this Court contain no indication that Brock tried (and failed) to hire a lawyer before he asked this Court to appoint one for him. He simply states that he "didn't have any money to pay them," suggesting he did not attempt to retain counsel (for instance, on a contingency fee basis). So the Court denies the motion to appoint counsel *at this time*, a decision which can be revisited at a later date in these proceedings.

The undersigned Judge is mindful of the Seventh Circuit's recent opinion in *Santiago v. Walls*, **– F.3d –, 2010 WL 1170654 (7th Cir. March 29, 2010),** reversing the decision of a fellow Judge of this District Court for declining to appoint counsel for an indigent litigant.

In *Santiago,* the Court of Appeals reaffirmed the principles delineated in

***Pruitt*, 503 F.3d at 655,** that there is no constitutional or statutory right to court-recruited counsel in federal *civil* litigation, but if an indigent civil litigant has made the requisite reasonable attempt to obtain counsel before seeking a court-appointed attorney (or been effectively precluded from making that effort), the court must ask whether – given the difficulty of the case – the plaintiff appears competent to litigate it himself (not just to try the case but also to conduct pretrial discovery), and if the answer is no, the court should assist the plaintiff in recruiting pro bono counsel.  ***Santiago*, 2010 WL 1170654, *10-11.**  This inquiry must be particularized to the case and plaintiff before the Court.  *Id.*

In the instant case, the record simply contains no evidence that Brock ever tried to hire a lawyer to represent him in this matter before he asked the Court to appoint one for him.  For this reason, the Court must deny at this time the request for an attorney.

IT IS SO ORDERED.

DATED April 27, 2010.

s/ **Michael J. Reagan**
Michael J. Reagan
United States District Judge